### BENNET and others vs. THE STATE.

*New trial in criminal action.—Grand jurors on petit jury.—Review on exceptions properly certified, &c., where writ of error did not lie.*

1. Where the names of the grand jurors do not appear in the indictment, the fact (not actually known at the time to the accused or his counsel) that one of them was on the petit jury by which the accused was convicted, is ground for a new trial.
2. Where a writ of error was issued *before judgment* in a criminal action, and the record containing the exceptions was certified as a return to such writ: *Held*, that although the writ would not lie, yet the exceptions, being properly certified and returned, would be reviewed.

ERROR to the Circuit Court for *Calumet* County.

*E. S. Bragg*, for plaintiffs in error.

*The Attorney General*, for the state.

PAINE, J. The plaintiffs in error, having been indicted for a riot, were tried and convicted. They moved for a new trial, upon affidavits showing that two of the petit jury which convicted them were on the grand jury which found the indictment, and that the fact was not known to them, or their counsel, until after the verdict. The motion was overruled, and they alleged exceptions, which were allowed and signed by the judge.

This court decided in the case of *The State v. Vogel & Mollerus*, 22 Wis. 471, that a similar motion in a criminal case, upon the ground that one of the petit jury was an alien, was properly overruled, whether the fact was known to the defendant or not before trial. But this was for the reason that the objection was one of a merely technical legal disqualification, and did not raise any suspicion against the fairness and impartiality of the jury. For this reason it was held, that a party who neglected to ascertain the fact by inquiring of the jurors at the time they were called, should not be allowed to raise such an objection after verdict. But such a rule

would be too stringent where the objection is one that tends directly to impeach the impartiality of the jury. And such is the character of the one now presented. A statute was passed at an early day in England, disqualifying the grand jurors who found the indictment from sitting on the petit jury to try the prisoner; and the same provision is contained in our statute. Sec. 2, chap. 179, R. S. 1858. And the reason is obvious. Such a juror has not only formed and expressed an opinion, but that opinion must be supposed to be of a fixed and decided character, being founded upon evidence under oath. It is true, it might not be impossible for a man of candor and intelligence to change his opinion upon hearing the whole case at the trial. But the necessity of changing the opinions of jurors on the question of his guilt is one to which the prisoner is not to be subjected. He is, by the constitution, entitled to a trial by an impartial jury. And a juror who has already formed an opinion as to his guilt, upon the testimony of witnesses, and, acting under the responsibility of his own oath as a grand juror, has already solemnly accused the prisoner of guilt, cannot be considered an impartial or proper juror to try him. It is accordingly universally held that such a juror is an incompetent one. And the impropriety of his sitting on the trial was so obvious, that he was liable to a fine if he did not challenge himself. 2 Hale's Pleas of the Crown, 309.

The only point as to which there is room for controversy is, whether the prisoners should be held to have lost their right to object, by reason of the fact that their counsel did not ascertain the objection, either by inquiring of the jurors or examining the records, and make it a ground of challenge. It has been held in some cases, that where the fact was actually known to the prisoner or his counsel at the empaneling of the jury, the objection was waived if the juror was not challenged. It has also been held that where the indictment, with a copy

of which the prisoner was furnished, contained the names of the grand jurors, he was chargeable with knowledge of the fact. And in one case, *Gillespie v. The State*, 8 Yerg. 507, the objection was overruled, even though the prisoner made affidavit that he had no knowledge of the fact until after the jury was charged by the court. But the reasoning of that case is not entirely satisfactory. It seems to be based upon the assumption that the prisoner would experiment with the verdict by intentionally leaving on the jury persons whom he knew to be prejudiced against him, with a view of getting a new trial on affidavit in case the verdict should be against him. There might be ground for such an apprehension in respect to a mere technical disqualification, like that of alienage, or the juror's residence in another county. But there is none whatever where the objection is that the juror is prejudiced against the prisoner. Those motives which govern human conduct with the uniformity of established law, would prevent any prisoner from intentionally experimenting with such a jury.

The question therefore is, whether the mere neglect of counsel to ascertain the fact before trial is to defeat the right? The affidavits show they had no knowledge in fact. They are not chargeable with knowledge by reason of the names of the objectionable grand jurors appearing on the indictment, for our law requires only the name of the foreman to be indorsed, and none of the names of the grand jurors are inserted in the caption. In this respect it is like the law of Virginia, which was made the ground of distinguishing the case of *Dilworth v. The Commonwealth*, 12 Grat. 689, from other cases, where the names of the grand jurors appear on the bill. There cannot be said to have been any gross negligence. To have inquired would have been prudent and diligent. But to omit to do so is not such negligence as ought to preclude the prisoner from objecting to be tried by a

jury who had prejudged his case, if he discovers the objection in time to present it to the court in any of the modes established for the administration of criminal law. The motion for a new trial ought to have been granted.

On looking into the record, it appears that a writ of error was issued, and the record containing the exceptions was certified as a return to that. No final judgment having been pronounced, a writ of error would not lie. But the exceptions, being properly certified and returned, have been considered. And the exception to the overruling of the motion for a new trial must be sustained, and the cause remanded with directions to the circuit court to grant the motion.

*By the Court.*— Ordered accordingly.