## STATE VS. ROWAN.

PRACTICE IN CRIMINAL ACTIONS: CHANGE OF VENUE. (1) *Case reported by judge, or certified on exceptions.* (2, 3) *Change of venue for prejudice of judge; what petition must contain; effect of order for such change based upon insufficient petition.*

1. Although this case is not so *reported* by the circuit judge, under sec. 8, ch. 180, R. S., as to present any question of law for the decision of this court (see *State v. Anson*, 20 Wis., 652), yet as it is here upon *exceptions* certified by the judge, it is the duty of this court to consider such exceptions. *State v. Hill*, 30 Wis., 416.

2. The right to a change of venue is given by the statute, and depends upon a compliance with its provisions.

3. Under sec. 2, ch. 178, Tay. Stats, where the defendant in an indictment or criminal information petitions for a change of venue for prejudice of the judge, such change is not to be awarded " after the next term succeeding that at which the accused shall have been arraigned, unless such petition *states facts* showing the existence of prejudice on the part of the judge, unknown to the petitioner at any term of the court prior to the making and filing of such petition." *Held,*

(1.) That the pendency of the cause, on appeal, in the supreme court during one or more terms of the court below after that at which the accused was arraigned and tried, and the fact that the application for a change of venue was made at the first term after the cause was remitted from the supreme court, do not take the case out of this provision.

(2) That where the petition of the accused in such a case *stated no facts whatever*, as required by the statute, the court *had no power* to order a change of venue, and such order was *void;* a subsequent trial in the court to which the venue was changed by the terms of such order, was a mistrial; and the court by which such order was made still retains jurisdiction of the cause.

CERTIFIED from the Circuit Court for *Milwaukee* County.

The record in this case is no longer on file in this court. The facts bearing upon the change of venue from the municipal to the circuit court will sufficiently appear from the opinion.

*The Attorney General,* for the state, contended, among other things, that the cause was not certified to this court according to law (Tay. Stats., ch. 180, § 8 ; *State v. Anson,* 20 Wis., 651) ; that the application for a change of venue could not be made while defendant was under the verdict of guilty and the sentence thereon, nor while the cause was pending in the supreme court ; that the statute on that subject should be liberally construed, so as not to deprive the party desiring a change of venue, of his right thereto, where he applies as soon as possible ; and that if the cause was improperly removed, this court should make such an order as would remit the case to the proper court for trial. *Wheeler v. The State,* 24 Wis., 52.

*N. S. Murphey,* for the defendant, insisted, among other things, that the change of venue upon a petition which stated no facts whatever to show prejudice of the judge, was wholly unauthorized (Tay. Stats., 1936, § 2) ; and that the circuit court therefore did not acquire jurisdiction.

COLE, J. We are inclined to agree with the attorney general upon the point that this case is not so reported by the circuit court, under section 8, ch. 180, as to present any question of law for our decision. The proper manner of reporting a case under this section for a review and decision of questions of law which the circuit court may deem doubtful or important, is pointed out in *State v Anson,* 20 Wis., 652 ; and it is very apparent that the report in the present cause does not conform to the practice there laid down. But the cause is likewise here upon exceptions certified by the circuit judge, and it therefore becomes our duty to consider these exceptions so far as it may be necessary for the disposition of the case. *Bennet v. State,* 24 Wis., 57 ; *State v. Hill,* 30 id., 416.

We shall consider only one exception, viz., that taken to the ruling of the court in denying the motion in arrest of judgment. We think that the motion should have been granted for the reason that the circuit court never obtained jurisdiction of the cause, and consequently its proceedings were *coram non judice.*

It appears that the information was filed in the municipal court at the July term, 1871, and that the defendant was arraigned and entered a plea of not guilty at that term. He was tried and convicted at the August term, and sentenced at the September term of the same year.' The cause was then remitted to the supreme court, where the judgment of the municipal court was reversed for errors occurring on the trial, and a new trial was ordered. 30 Wis., 129. The *remittitur* from the supreme court was filed in the municipal court at the July term thereof, 1872. At this term, upon application and affidavit of the defendant stating that he verily believed that the judge of the municipal court was prejudiced against him, and that he could not have a fair trial in that court on account of such prejudice, the venue was changed to the circuit court where the cause was last tried.

It will doubtless be conceded that the right to a change of venue is given by the statute, and can only be claimed or asserted upon a compliance with its provisions upon the subject. Section 2, ch. 178, Tay. Stats., in substance provides, that the defendant in an indictment found or information filed may apply for a change of venue on account of the prejudice of the judge of the court where such information was filed ; and it is made the duty of the court to award such change, with the limitation that but a single change shall be granted for any cause ; and provided also that " such change shall not be awarded after the next term succeeding that at which the accused shall have been arraigned, *unless such petition states facts showing the existence of prejudice on the part of the judge, unknown*

*to the petitioner at any term of the court prior to the making and filing of such petition.*"

Now it is not claimed or pretended that the affidavit or petition for a change attempted in any way to comply with this express provision of the statute. There are no facts stated in the affidavit showing the existence of prejudice on the part of the judge, which were unknown to the defendant at any term prior to making the application; and as a matter of course no foundation was laid for granting the change. For the statute very plainly prescribes the contents of the affidavit upon which a change of venue must be granted; and there is no authority vested in the court for dispensing with its requirements. And if the venue was not changed upon a sufficient affidavit authorizing it, the cause is substantially in the same attitude as though no affidavit was made for the purpose.

The attorney general, however, contends that the statute should receive a liberal construction; and as no application for a change of venue could be made while the cause was pending in the supreme court, therefore he insists that the term at which it was made should for that purpose be held to be " the next term succeeding that at which the accused" was arraigned. It seems to us we have no right to give the statute any such construction. There is no difficulty in arriving at the meaning of the provision; nor can there be any doubt as to what the legislature intended the affidavit should contain when the application for a change was made, as this clearly was, several terms after the defendant had been arraigned and pleaded to the information. And it seems almost unnecessary to add that, to entitle the defendant to a change, he must present such an affidavit or petition as the statute contemplates.

What, then, upon the facts, was the legal consequence of sending the cause to the circuit court for trial? Did that court acquire jurisdiction of the cause by the order made by the municipal court? Clearly not. The circuit court never acquired jurisdiction of the cause, and all its proceedings in that regard

were *coram non judice* and void. This doctrine is well settled in this court.

In the case of *The State v. Underhill,* decided at the January term, 1858, an order was made changing the venue from the county of Columbia (where the indictment was found) to the county of Juneau, without any affidavit being presented for that purpose as the statute required; and this court held that the circuit court of Juneau county never acquired jurisdiction of the cause. The case does not seem to have been reported, but the records show that this was the ground of the decision. To the same effect was the decision in *Wheeler v. The State,* 24 Wis., 52. And as an original question, we should conclude upon principle that if the removal of the cause from the municipal to the circuit court was unauthorized, then the latter court could acquire no jurisdiction, and all its proceedings therein would be void.

The counsel for the defendant claims that the effect of the order changing the place of trial was to take the case out of court. But this is a mistake. In contemplation of law the cause never was removed from the jurisdiction of the municipal court. That tribunal, on the return of the record and papers, is still authorized to proceed and try the cause. The trial in the circuit court was a mistrial, and no effect whatever can be given to it.

The cause must therefore be certified back to the circuit court, with directions to that court to make an order transmitting the cause with the records and papers to the municipal court for trial according to law.

*By the Court.* — It is so ordered.