## STATE vs. STONE.

WRIT OF ERROR. *Lies only from final judgment.*
EXCEPTIONS. *In criminal case, under R. S., ch.* 180, *sec.* 7, *reviewed, disregarding writ.*
CONSTITUTIONAL LAW. *Power of legislature to limit tolls of railway company chartered by territorial act. Ch.* 273, *Laws of* 1874 (*"Potter Law"*), *how far valid.*

1. A writ of error will not lie until a final judgment has been pronounced.
2. But where, in a criminal prosecution, *exceptions* were allowed and signed by the judge before judgment rendered, and proceedings were stayed as provided by sec. 7, ch. 180, R. S., and the record sent up, this court, disregarding a writ of error improperly issued, disposes of the case upon the exceptions.
3. In a criminal prosecution of an agent of the Chicago, Milwaukee & St. Paul Railway Company, under ch. 273, Laws of 1874 (commonly known as the Potter Law), for exacting and receiving from a passenger on the railway of that company, between Janesville and Madison, more than the maximum fare allowed by that act, it being shown that said road between the points named was built under an act of

State vs. Stone.

the territorial legislature of 1847, the court did not err in refusing to instruct the jury that said ch. 273, so far as it related to that piece of road, was unconstitutional and void. See the second opinion in *Attorney General v. Railway Companies*, 35 Wis., 425.

ERROR to the Circuit Court for *Dane* County, and exceptions signed by the judge thereof, under sec. 7, ch. 180, R. S.

*The Attorney General*, for the state.

*John W. Cary*, for the defendant.

*By the Court.* — The defendant, who was the passenger agent, at Madison, of the Chicago, Milwaukee & St. Paul Railway Company, was prosecuted criminally under ch. 273, Laws of 1874 (known as the Potter Law), for exacting and receiving from a passenger on the railway of that company from Madison to Janesville,·more than the legal fare established by that act. The defendant was tried in the municipal court of Madison, and was convicted and fined. He thereupon appealed to the circuit court for Dane county, and a trial in that court resulted in a verdict of guilty. Exceptions were allowed and signed by the judge pursuant to the statute (R. S., ch. 180, sec. 7), and a stay of proceedings granted.

We find a writ of error in the record; but inasmuch as no final judgment has been pronounced, the writ does not lie. *Bennett v. The State*, 24 Wis., 57; *Crilley v. The State*, 20 id., 231. We must therefore disregard the writ, and dispose of the case on the exceptions.

The evidence on the part of the defendant was the same introduced on behalf of the railway company in opposition to the second application for an injunction in the case of *The Attorney General v. The Chicago, Milwaukee & St. Paul Railway Company*, 35 Wis., 425; and its object and purpose was to show that the railway of that company, from Madison to Janesville, was constructed by a company organized under a charter granted by the legislature of the *territory* of Wisconsin, to the rights of which company the Chicago, Milwaukee & St. Paul Railway Company had succeeded.

The exceptions before us are to the refusal of the court to give the jury certain proposed instructions, to the effect that ch. 273, Laws of 1874, so far as it relates to such railway from Madison to Janesville, is unconstitutional and void. The opinion by the chief justice on the second application for an injunction, above mentioned, disposes of these exceptions adversely to the defendant, and further discussion of the questions there considered and determined is unnecessary.

The exceptions must be overruled, and the case remanded with directions to the circuit court to proceed thereon to judgment.