# Battle *v.* The State.

| 54 | 93 |
| 110 | 17 |

## Indictment for Arson.

1. *Grand jury; objections to, when too late*—Irregularities in the formation of the grand jury which found the indictment, can not be objected to after plea and verdict, and can not be made the basis for arrest of judgment.

2. *Foreman, oath of, presumption as to.*—Where the record recites that the foreman was appointed by the court, and it was "ordered that he be sworn as foreman of said grand jury, which is accordingly done, and the other persons aforesaid are also sworn as jurors as aforesaid," it must be presumed in the absence of plea in abatement, sustained by proof, that the proper oath was administered.

3. *Grand jury, order for summoning; what sufficient.*—A recital in the record that "it appearing to the court that no persons have been summoned for grand jurors for this term of the court, it is therefore ordered that the sheriff forthwith summon," &c., sufficiently shows that the order was made "in consequence of some neglect on the part of the judge of probate, sheriff," &c.

4. *Juror, objection to, when too late.*—An objection to a juror, on the ground that he was a member of the grand jury which found the indictment, comes too late after the prisoner has accepted him ; nor can the fact that one of the jurors rendering the verdict was a member of the grand jury which found the indictment, be made matter upon which to arrest judgment.

APPEAL from Circuit Court of Madison.
Tried before Hon. LOUIS WYETH.
The case is sufficiently stated in the opinion.

D. D. SHELBY, for appellant.

JNO. W. A. SANFORD, Attorney General, *contra.*

MANNING, J.—Appellant having been convicted of arson in the court below, moved in arrest of judgment for reasons set forth. The first three of these relate to the proceedings by which the grand jury was constituted. But these objec-

tions, even if some irregularities had intervened therein, come too late after a plea of not guilty and verdict.—*State v. Clarkson*, 3 Ala. R. 378; *Russell v. State*, 33 id. 366; *Horton v. State*, 47 id. 58.

The record, however, shows that the foreman of the grand jury was appointed by the court; that it ordered that he "be sworn as foreman of said grand jury, which is accordingly done, and the other jurors aforesaid are also duly sworn as jurors aforesaid." It must be intended that the oath was administered according to law, unless the contrary be averred by plea in abatement.

The record reciting that "it appearing to the court that no persons have been summoned for grand jurors for this term of this court, it is therefore ordered by the court that the sheriff forthwith summon," &c., sufficiently shows the exigency which justified the summoning of a grand jury, without reciting that it was the "consequence of some neglect on the part of judge of probate, sheriff, or clerk of the circuit court," &c. Such neglect of one or more of those officers is necessarily inferred from the fact set forth in the record.

It sufficiently appears that the indictment alleges that the house burned, with the property therein contained, was "of" the value mentioned, and this ground for the arrest of the judgment is not well assigned.

The objection to Archer B. James as a juror on the ground that he was one of the grand jury by which the indictment had been found, would have been good if it had been duly taken. But the objection comes too late after trial. The records of the court contained a list of the grand jurors, which was accessible to appellant or his counsel; and it will not do to allow an individual who is indicted for crime, and who has an opportunity to know whether or not persons proposed as jurors upon his trial were of the panel of grand jurors that found the indictment against him, to be entitled to make the fact that such person was a member of both of the juries, a reason for the arrest of judgment after a conviction, if no objection was made to such juror when put upon the prisoner.

If available at all—and in certain cases no doubt it would be—the objection should be made the ground of a motion for a new trial.

The judgment of the court below must be affirmed.