## DORSEY v. STATE. (7 Div. 958).*

(Court of Appeals of Alabama. Feb. 5, 1924. Rehearing Granted April 8, 1924. Rehearing Denied April 22, 1924.)

**1. Jury ⊂⟷84—Statutes under which jurors are selected liberally construed.**

Statutes under which juries are selected are liberally construed.

**2. Jury ⊂⟷116—Substitution of juror for one drawn not ground for quashing venire.**

Substitution of a juror for one drawn, summoned, and qualified, is not generally ground for quashing the venire.

**3. Criminal law ⊂⟷918(3)—Substitution of jurors for those selected by defendant from list entitles him to new trial.**

Defendant has a right to rely upon correctness of names of jurors furnished him, and where he selects certain jurors by name without fault or neglect on his part, and one or more jurors are substituted for them without authority, without his knowledge or consent, he is entitled to a new trial after conviction.

### On Rehearing.

**4. Criminal law ⊂⟷1081 — Clerk's certificate held to perfect defendant's appeal within statute.**

The certificate of the clerk that "defendant gave notice in writing of an appeal to the Court of Appeals of Alabama" perfected defendant's appeal within Gen. Acts 1915, p. 712, § 7, requiring entry of record that defendant appeals, or filing of written statement by defendant or attorney.

**5. Criminal law ⊂⟷1083—Jurisdiction to hear motion for new trial lost when defendant appeals.**

Trial court loses jurisdiction to hear a motion for new trial when defendant appeals.

Appeal from Circuit Court, Shelby County; W. M. Lackey, Judge.

A. D. Dorsey was convicted of unlawfully possessing a still, and moved for a new trial. From a judgment overruling the motion, he appeals. Affirmed.

J. R. Beavers, of Birmingham, and Longshore, Koenig & Longshore, of Columbiana, for appellant.

Notice of intention to appeal is not the prosecution of an appeal. State v. Preston, 30 Nev. 301, 95 Pac. 918, 97 Pac. 388; Acts 1915, p. 711, § 7; L. & N. v. Lile, 154 Ala. 556, 45

---

South. 699; Coats v. Elkan & Co., 7 Ala. App. 187, 60 South. 941.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Appeal having been taken, the jurisdiction of the circuit court ceased. Smith v. State, 17 Ala. App. 565, 86 South. 120; Wade v. State, 18 Ala. App. 322, 92 South. 97; State v. Brewer, ante, p. 330, 97 South. 777.

SAMFORD, J. [1-3] Motion was made for a new trial on the ground that Jesse Comer was drawn and summoned as a juror to serve during the week of the court, that when called Jesse Carver answered and was qualified as a juror for the week. When defendant's case was called and the lists were prepared and handed to defendant for the purpose of selecting a jury to try the case, one of the names was Jesse Comer, and, this name remaining as one of the 12, when called, Jesse Carver answered. and served as a juror trying defendant; the defendant being ignorant of the substitution. These facts being established, it is admitted by the Attorney General to be error, but it is contended that such error is without injury. This court and the Supreme Court have, by their decisions, consistently given a liberal construction to the statutes under which juries are selected. Walker v. State, 204 Ala. 474, 85 South. 787; Reed v. State, 18 Ala. App. 371, 92 South. 513; Kimbrell v. State, 18 Ala. App. 641, 94 South. 241. Even in this case, the substitution would not be ground for quashing the venire, but the defendant in this case was not tried by the jury selected to try his case. Under our system, juries are selected by their names and a defendant has a right to rely upon the correctness of the names furnished him. If without fault or neglect on his part he selects certain jurors by name to serve, and it is made to appear that, without legal authority, one or more jurors have been substituted without his knowledge or consent, he has not been tried by a legally drawn jury, and, on conviction, would, on proper motion, be entitled to a new trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

On Rehearing.

[4, 5] Our attention is now called to the fact that the appeal in this case was taken on May 29th and the motion for a new trial was not made in the circuit court until May 31st, at a time when the circuit court had lost jurisdiction to hear and determine said motion. Smith v. State, 17 Ala. App. 565, 86 South. 120; Wade v. State, 18 Ala. App. 322, 92 South. 97; State ex rel. Attorney General, v. Brewer (Ala. App.) 97 South. 777.[1] Appellee insists, however, that the recitals in the

judgment entry of an "intention to appeal" is not a compliance with the statute necessary to an appeal, and this perhaps is true, but the certificate of the clerk is: "The defendant gave notice in writing of an appeal to the Court of Appeals of Alabama." This is a compliance with section 7, Acts 1915, pp. 711, 712. The appeal having been taken, the lower court was without jurisdiction to hear the motion for new trial.

The rehearing is granted, the judgment reversing the judgment of the lower court is set aside, and the judgment is affirmed.