## RICE v. DAVIDSON. (8 Div. 668.)

(Supreme Court of Alabama. Oct. 16, 1924.)

**1. Parties ⬸58—Pleading ⬸248(1)—Statute of amendments does not permit entire change of parties, or substitution or introduction of new cause of action.**

Statute of amendments does not permit entire change of parties, or substitution or introduction of entirely new cause of action.

**2. Equity ⬸118—Permitting amendment to allow cause to proceed in name of one of original complainants held not error.**

Permitting amendment to original bill containing three complainants, so as to allow cause of action to proceed in name of one of original complainants, as sole party complainant, *held* not error.

**3. Appeal and error ⬸681—Error cannot be predicated on allowance of amendment, when original bill not in record.**

Error cannot be predicated on action of trial court in allowing amendment to original bill, where original bill is not in record to inform court what effect of that action was.

**4. Equity ⬸118—Allowance of amendment held not to work entire change of parties.**

Allowance of amendment to original bill *held* not to work entire change of parties by reason of a prior amendment allowed.

**5. Quieting title ⬸42—Amendment substituting different property from that described in original bill, not allowable.**

Amendment substituting different property from that described in original bill to quiet title cannot be allowed, within rule allowing amendments to correct mistakes in describing property.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by Charles R. Davidson against W. B. Rice and another. From a decree overruling demurrer to the bill, defendant Rice appeals. Reversed and remanded.

Isbell & Scruggs, of Guntersville, for appellant.

The amendment to the bill worked an entire change of parties and of subject matter, and was not allowable. Code 1907, § 3126; 31 Cyc. 481; McKay v. Broad, 70 Ala. 377; Leaird v. Moore, 27 Ala. 326; Pickens v. Oliver, 32 Ala. 626; Tarver v. Smith, 38 Ala. 135; Taylor v. Taylor, 43 Ala. 651; Doe ex dem. Pope v. Pickett, 65 Ala. 492; Reynolds v. Caldwell, 80 Ala. 232; Vinegar Bend Lbr. Co. v. Chicago T. & T. Co., 131 Ala. 411, 30 So. 776; Ala. Term. Co. v. Hall, 152 Ala. 262, 44 So. 592; Rowland's Adm'r v. Shelton, 25 Ala. 217; O. of G. v. Foshee, 125 Ala. 199, 27 So. 1006; Collins v. Stix, 96 Ala. 338, 11 So. 380; Ward v. Patton, 75 Ala. 207; Glass v. Glass, 76 Ala. 368; Scott v. Ware, 64 Ala. 174.

Rayburn, Wright & Rayburn, of Guntersville, for appellee.

Brief of counsel did not reach the Reported.

SAYRE, J. [1-3] The demurrer of defendant Rice to the bill as last amended was overruled. Defendant Rice now complains that Charles R. Davidson, who is named as "your orator" in the last amendment shown by the record, should not be allowed to maintain the bill in its present shape, for that there has been an entire change of parties. This last amendment purports to amend an "original bill filed in this cause on the 4th day of May, 1923," and was itself filed May 5, 1923. The record shows no bill filed on May 5, 1923. The original bill in the cause appears by the certified record to have been filed May 21, 1917; the parties complainant therein named were J. Henry Davidson, Charles R. Davidson, and John Jaggers. The statute of amendments is remedial, broad, and the courts have construed it liberally. But one limitation, applicable in every case, is that there must not be an entire change of parties nor must there be the substitution or the introduction of an entirely new cause of action. Mahan v. Smitherman, 71 Ala. 565. If the amendment of May 5, 1923, was intended for the bill filed May 21, 1917, there was, of course, no offense against the rule of the statute in allowing the cause to proceed in the name of Charles R. Davidson as sole party complainant. If there was an original bill of date May 4, 1923, error cannot be predicated of the action of the court, for this court is not informed as to what the effect of that action was.

[4] But appellant defendant, Rice, in brief alleges, in effect, that the bill filed May 21, 1917, was the original bill in the cause and that, prior to the amendment of May 5, 1923, it had been amended so as to make J. Henry Davidson the sole party complainant, and upon this alleged state of the record bases the contention that there has been an entire change of parties. An amendment was filed July 23, 1919, as in a cause entitled "J. Henry Davidson v. W. B. Rice et al.," in which, among other things, "complainant further avers that the complainant and the defendants Charley R. Davidson and John Jaggers are heirs," etc., and, at another place in the record, "Comes the defendant Charley R. Davidson, and for answer to the original bill as amended in this cause, filed on the same date as this answer, says," etc., and undertakes to confess the averments of the original bill as amended. This was filed March 29, 1919. But the amendment of the original bill filed on that date purports to be the amendment of "your orator, Charles R. Davidson." We can only explain this state of the pleadings on the assumption that they were

negligently drawn, that the later pleadings were entitled as of the cause between the original parties, and that, when the pleader in the amendment of July 23, 1919, speaks of the defendant Charley R. Davidson, he inadvertently refers to a cross-bill which had been filed in the meantime, and furnished reason why J. Henry Davidson, one of the original complainants, should no longer prosecute the suit. However, there was no formal withdrawal on his part, nor does the record show any action of the court as to him. The record is in a sad state; but upon the whole the court thinks that appellant's objection to the ruling in the trial court should not be held for error.

[5] The purpose of the bill copied into the record was to quiet the title to a parcel of land. In the original bill it was averred that the complainant Charles R. Davidson was in the possession and ownership of N. ½ of N. E. ¼ of S. W. ¼ of a named section. As first amended, the averment was of the possession and ownership of said Charles R. in N. W. ¼ of S. E. ¼ of the same section. In its final shape the bill to which we refer avers that complainant Charles-R. was the owner of N. ½ of N. E. ¼ of N. W. ¼ of the same section and in peaceable possession thereof. The complaint now, in agreement with the demurrer in the trial court, is that by the process shown there has been an entire change of subject-matter; and so, evidently, there has been, if complainant is to be held to the averments of his bill in its several stages. Where the suit relates to real property, amendments must be allowed for the purpose of correcting mistakes in the description of the property; but if the amendment substitutes different property from that described in the original bill, it cannot, within the rule stated above, be allowed. The amendment in this case transgresses the rule and should not have been allowed. 19 C. J. 1131. On appellant's demurrer the amended complaint should have been taken from the file.

Accordingly, the decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.