(118 So. 465)

### RICHARDSON v. HOPKINS. (6 Div. 108.)

Supreme Court of Alabama. Oct. 25, 1928.

Huey & Welch and W. G. Stone, all of Bessemer, for appellant.

Goodwyn & Ross, of Bessemer, for appellee.

THOMAS, J. The suit as instituted was against a corporation, a partnership, or company ·designated as "Nu-Grape Company of Alabama," and the named individuals, J. R.

Payne, A. W. Gay, J. Q. Walsh, and W. T. Walsh. The complaint was in one· ·count, averring that defendant, as manufacturer and bottler of a beverage known and designated by the name of Nu-Grape, prepared and sold for distribution in the retail trade a bottle of Nu-Grape unsuitable and unfit for human consumption, and being purchased and consumed by plaintiff made him sick, etc.

And over appellant's objection the court allowed an amendment by adding a defendant, "P. P. Richardson, doing business under the name and style of Jefferson County Nu-Grape Company," so that the style of the defendants therein shall be: "Magic City Nu-Grape Company, a corporation, Nu-Grape Company of Alabama, J. R. Payne, an individual, A. W. Gay, an individual, J. A. Walsh, an individual, and W. T. Walsh, an individual, and P. P. Richardson, doing business under the name and style of Jefferson County Nu-Grape Company, Defendants;" and by adding count No. 2, declaring for the negligence through defendants' agents in the manufacture and sale of a bottle of said beverage that was unfit for human consumption, etc.

The said P. P. Richardson and the Nu-Grape Company having been served, the former appeared specially and limiting his appearance for the purpose, among other things, to say, that it is not made to appear from the complaint that he is a proper party defendant; that there is no relation shown to exist between the wrongs charged in the original complaint and those contained in the amended complaint; that it is not shown that the matters set up in the amendment arose out of, or are connected with, the matters set up in the original complaint; no joint liability is shown; that the amendment was a departure in·that it operated as a new suit under the guise of an amendment, etc.

After the evidence was all in, the court charged:

"* * * The Court has given the general charge here as to all of the defendants except the Magic City Nu-Grape Company and P. P. Richardson doing business as the Jefferson County Nu-Grape Company. * * *"

"* * * As to whether the plaintiff makes out a case against either one of these other defendants, the Magic City Nu-Grape Company, and P. P. Richardson, doing business as the Jefferson County Nu-Grape Company, the case is submitted to this jury to determine from the evidence in the case whether or not the plaintiff proves the allegations made here against either one of these defendants that is left in the · case. The burden rests upon the plaintiff to show that one of these defendants bottled this bottle of Nu-Grape that he drank, and that they were guilty of negligence in the bottling of it."

There was exception reserved to the quoted excerpt from the oral charge. Affirmative instruction was requested by appellant and refused and given as to the other defendants

than Richardson and the Nu-Grape Company.

The verdict was against P. P. Richardson, doing business as the Jefferson County Nu-Grape Company, and in favor of all the other defendants.

Motion for a new trial was on the grounds for allowing such amendment; that "defendant having been made a party to this suit by amendment of the summons and complaint after the suit was commenced, and the verdict of the jury and the judgment of the court being against this defendant alone and in favor of all of the other defendants, a complete change of parties has been brought about and the verdict and judgment against this defendant is of no effect and unenforcible;" and the motion further embraced the several rulings on instructions by the court, and included the refusal of the general affirmative instruction requested by defendant Richardson.

The statute for amendments "whilst the cause is in progress," etc., as rewritten in the Code of 1923, § 9513, contains the provision that the court—

"must permit the amendment of the complaint by striking out or adding new parties plaintiff, or by striking out or adding new parties defendant, or by striking out or adding new counts or statements of the cause of action, which could have been included in the original complaint or plea, and such amendment shall relate back to the commencement of the suit, and it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action, so long as they refer to the same transaction, property and title and parties as the original, and where this is not apparent on the averments of the pleading, it shall be a question of fact for the jury."

The effect of this statute was not to permit an entire change of parties, or to authorize the substitution or introduction of a new cause of action. Rice v. Davidson, 211 Ala. 693, 101 So. 604; Alabama Great Southern R. Co. v. Lawler, 213 Ala. 119, 104 So. 412.

The Magic City Nu-Grape Company ceased to do business—to manufacture and sell said beverage—when its properties sold at foreclosure of mortgage on August 30, 1926, and the defendant Richardson became the purchaser at such sale. For the time intervening after August 13, one J. R. Payne (a defendant for whom affirmative instruction was given) was in charge as bailee or agent of the mortgagee, the mortgagor being in default under the terms of the mortgage. During this time of operation and sale there was a large quantity of the manufactured beverage in stock and from which sales were being made by the agent Payne. The evidence shows that the infected bottle in question had been in the retailer's possession for a day or so, or a period not exceeding a week, when it was sold to plaintiff on September 1, 1926. There was no evidence when, or by whom, it was manufactured or sold to the retailer. It was only

after August 30th that said Richardson did business as manufacturer and sold such drink under the firm name and style of Jefferson County Nu-Grape Company, and in the capacity in which, and for such act of manufacture and sale, he was sued. It was only through the agency of his bailee Payne that he was interested as mortgagee from August 13 to August 30 of the year in question.

What was the legal effect of the amendment under the evidence and the finding of the jury in favor of all the other defendants? The question is presented under the special and limited appearance of Richardson, doing business as the Jefferson County Nu-Grape Company, objecting to the amendment as to him and his company, his pleading, in short, by consent, the affirmative instruction requested by him and refused by the trial court, his exception to the oral charge submitting the issue of his liability to the jury, and his motion for a new trial predicated on this action of the court denying and overruling his motion, objections, and exceptions, and the finding of the jury as contained in the verdict for Payne and all the other defendants.

The pertinent or analogous authorities cited are: Roth v. Scruggs, 214 Ala. 32, 106 So. 182; Thomas v. Saulsbury & Co., 212 Ala. 245, 102 So. 115; Rarden Mercantile Co. v. Whiteside, 145 Ala. 617, 39 So. 576; Mosaic Templars v. Flanagan (Ala. App.) 115 So. 860,[1] and Ala. Power Co. v. Watts (Ala. Sup.) 117 So. 425.[2] In Steele v. Booker, 205 Ala. 210, 87 So. 203, the substitution by amendment of a receiver as defendant, held to work an entire change of parties and cause of action. In Mosaic Templars v. Flanagan, supra, the question was of joint plaintiffs, and it was said, on authority of Bell v. Allen, 53 Ala. 125, that misjoinder disclosed by the record or the evidence is fatal to recovery. Walker v. Fenner, 28 Ala. 367. The case of Roth v. Scruggs, supra, contains observations of the statute that when amendments introduce a new cause of action (as defined by statute) it did not relate back, and where a new party defendant is introduced by amendment and under the testimony, no recovery can be had against an original defendant, recovery cannot be had against such new party, and such party is entitled to the affirmative charge, if duly requested. In Thomas v. Saulsbury & Co., 212 Ala. 245, 102 So. 115, the case went to the jury against both parties defendant, under facts and circumstances such as that either may not be made to respond by a recovery, held not a case for a motion for discontinuance, but that if, when the evidence was in, it was shown that recovery could not be had against either defendant, it was proper to give the general affirmative charge. Such is the case before us. In the case of Rarden

[1] 22 Ala. App. 377.
[2] Ante, p. 78.

Mercantile Co. v. Whiteside, 145 Ala. 617, 39 So. 576, a new party defendant was added by amendment, and both parties appeared and pleaded to the merits, and on the trial, after the evidence was closed, the plaintiff amended by striking the original party defendant, held to operate a discontinuance and should have been so entered on the new defendant's motion. See Rice v. Davidson, 211 Ala. 693, 101 So. 604. In Alabama Power Co. v. Watts (Ala. Sup.) 117 So. 425,[2] it was declared, on foregoing authorities, that the employee made a party to the action by amendment was entitled to the general charge where the employer against whom suit was brought was so entitled. See Walker v. St. Louis-San Francisco Ry. Co., 214 Ala. 492, 108 So. 388.

The affirmative charge for appellant should have been given on the theories indicated, and the matters presented by the verdict were availed by him on his motion for a new trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.

SAYRE and BROWN, JJ., limit their concurrence to the result.

