134 So.2d 190

James Max McLENDON

v.

CITY OF TROY.

4 Div. 50.

Supreme Court of Alabama.

Nov. 2, 1961.

James G. Clower, Troy, and Godbold, Hobbs & Copeland, Montgomery, for appellant.

Oliver W. Brantley, Troy, for appellee.

SIMPSON, Justice.

This is an appeal from a judgment granting a motion by defendant for a new trial.

Ground No. 41 of the motion is the single ground on which the new trial was granted, and all assignments allege as error to reverse the granting of the motion on this ground. Ground No. 41 reads:

"There was irregularity in the proceedings of the jury by which this defendant was prevented from having a fair trial in this: In drawing the venire for the week the court drew from the jury box containing the names of all qualified jurors the name of one Preston Senn, who is, and was shown by his jury card and by the jury roll to be the Preston Senn who is an employee of Carter Brothers Manufacturing Company and whose business address is % Carter Bros., Brundidge, Alabama, Route 1, the said Preston Senn being the only person by that name on the jury roll. The venire prepared by the clerk listed said juror as 'Preston Senn, Occupation, Carter Bros., Beat 7, Brundidge, Rt.' and summons was served on said juror by the sheriff by leaving a copy of such summons at the home of the said Preston Senn which is located on the premises of Carter Brothers Manufacturing Company at the address shown on the Jury roll and on the jury card of the said Preston Senn. Subsequent to such service, the summons came into the hands of another person whose name is the same as or similar to Preston Senn and who was not a qualified juror of Pike County and who was not on the jury roll or in the jury box, and such person presented himself at the session of court as the said Preston Senn, whose name was on the jury roll and answered to his name on the roll call and on the voir dire and when the name was called for those selected for the trial of this cause to take their seats in the jury box. This defendant was furnished by the Clerk of the court prior to trial and at the time of trial with the venire for the week showing as a juror the Preston Senn whose name is on the jury roll and who is an employee of Carter Brothers Manufacturing Company and who, to this defendant, was an acceptable juror for the trial of this case; and this defendant did not interrogate said juror on voir dire and did not strike the name of said juror but let him remain as a juror for the trial of this cause all under the mistaken impression that he was the juror whose name was on the jury roll and whose card was drawn from the jury box and whose name and identification were shown on the venire furnished to this defendant by the Clerk, viz, the said Preston Senn who is an employee of Carter Brothers Manufacturing Company. This defendant did not learn till after the trial that the person who sat on the jury was not the person whose name was drawn and appeared on the venire; and the person who served, had his true identity been known, would not have been acceptable to this defendant as a juror in the case."

The real question, as we see it, is one of identity; that is to say, was the individual listed on the jury roll and the individual who was summoned and who served upon the jury on the trial of the case one and the same person? In Taylor v. State, 222 Ala. 140, 131 So. 236, it was held that where one juror whose name was on the jury roll was drawn but another and different person was summoned, and

served on the trial, this substitution, though innocent, constituted ground for a new trial, such substitution being unknown to the injured party or his attorneys and no lack of diligence being shown. See also Dorsey v. State, 19 Ala.App. 641, 99 So. 830. In the Taylor case the lack of identity between the person drawn and the one summoned and serving was clearly established. Although their names were identical, their occupations and addresses were different.

In the case at bar the question of identity was the subject of conflicting evidence introduced on the hearing on the motion for new trial before the court below, and inferences, from such evidence. The juror was listed on the jury roll thus:

"Name     Senn, Preston     Beat  7
Occupation
Home Address     Brdg. Rt. # 1
Business Address     Carter Bros.     "

The venire prepared by the clerk listed the juror as follows:

|  Name | Occupation | Beat No. | Business Address |
| --- | --- | --- | --- |
| Preston Senn | Carter Bros. | 7 | Brundidge Rt." |

The evidence showed that the person summoned and serving on the jury bore the name "Preston Senn" without other name or initial; that he resided on the farm of his mother, address: Brundidge, Route 1; that his occupation was farm work; that many years previously he, when "just a boy" had had temporary employment ("about a week") with Carter Brothers, but was not working there at the time of summons and trial.

As to the other Senn, it appears that his full name was Charlie Preston Senn; that he had been employed by Carter Brothers for several years, though temporarily laid off at the time in question, and lived on property belonging to Carter Brothers and located on Route 1, Brundidge. Summons was served by leaving a copy at the resi-

dence of this last named party, and when he received it, he sent the summons back, and the deputy brought it to him again at his place of work. He told the deputy it must be for the other Preston Senn, because he was not registered as a voter by that name. Thereafter the deputy served the summons on the Preston Senn who served on the jury. Although this other man was registered as a voter under the name of Charlie P. Senn, and in matters of social security, life insurance, unemployment compensation, bank account, etc., the name Charlie P. or Charlie Preston Senn is used, he was generally known and went by the name of Preston Senn, his payroll checks being made to Preston Senn. There was other evidence offered on the hearing which we deem unnecessary to detail. Some of it related to the general qualifications of the two men for jury service with respect to intelligence. Appellant stresses the facts that the juror who served was the only Preston Senn registered as a voter and listed on the jury roll; that he had the reputation for integrity, good character, sound judgment. Appellee lays stress upon his want of education and literacy, his inability to follow any but casual employment, generally on the farm, and the fact that the jury roll and venire identified the named juror as being employed by Carter Brothers.

As we have shown, the trial judge reached the conclusion that Charles Preston Senn was the individual upon the jury roll and venire, and that Preston Senn was erroneously, though innocently, substituted and served. The trial court was in a more advantageous position than this court, being familiar with the locality and its people, and having the two persons and other witnesses personally before him to determine the true status and identity of the two Senns. In the circumstances we would be unauthorized to substitute our judgment for that of the trial judge and reverse his order granting the new trial.

Appellant takes the position that appellee, defendant below, was derelict in

not developing the true identity of the juror who was drawn and served. In Taylor v. State, we pointed out that failure of the injured party, on voir dire, to question a juror as to his occupation, being wholly unaware of a substitution did not give rise to a waiver. It is also insisted that the substitution, if so, was innocent and that no injury resulted therefrom. Again, in the Taylor case, we held that even innocence did not render harmless a substitution of a person not drawn for another drawn as a juror, and we declined to consider the "atmosphere" of the case, as did the trial court, to determine harmless error. In the case of Dorsey v. State, supra, cited with approval in the Taylor case, supra, the Court of Appeals held that substitution would not be ground for quashing the venire, but declined to apply the rule of error without injury in passing upon the motion for new trial where it was shown that defendant was not tried "by a legally drawn jury". [19 Ala.App. 641, 99 So. 830.]

 Appellant argues that in a civil case a new trial will not be granted because of an innocent substitution of a juror unless prejudice is shown from such innocent substitution. Rule 45, Supreme Court Rules of Practice, and a number of out-of-state cases are relied upon. In Alabama we have declared no distinction between a criminal case and a civil case in the matter of showing injury by a substitution of jurors. Nor do we see any sound reason for such a distinction. In either case the issue has not been tried by a legally drawn jury. This Court in Taylor v. State, supra, quoted with approval from the case of McGill v. State, 34 Ohio St. 228, wherein the rule stated, and followed in the Taylor case, was held applicable to the trial of a cause *either civil or criminal.*

There was one other ground of the motion for new trial, but the trial court based its judgment upon the ground hereinabove treated. Neither party in brief argues this second ground seriously enough to require a consideration thereof by us on this appeal. We conclude that, for the reason stated, the trial court cannot be put in error in granting the motion for new trial.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.