153 So.2d 629

**Earline Eloise OSBORN**

v.

**Charles E. REED et al.**

**6 Div. 722.**

Supreme Court of Alabama.

Dec. 21, 1961.

Rehearing Denied Oct. 18, 1962.

Lange, Simpson, Robinson & Somerville, Birmingham, and Huey, Stone & Patton, Bessemer, for appellee Sims.

Gary Burns, Gadsden, and Brown & Brown, Bessemer, for appellant.

STAKELY, Justice.

The question for decision is whether the defendant Evelyn Sims (appellee) was entitled to a judgment non obstante veredicto.

Earline Eloise Osborn instituted this suit against Charles E. Reed and Gordon Lockhart for personal injuries resulting from an automobile accident on October 28, 1959. Later the plaintiff amended her complaint by adding Evelyn B. Sims as a party defendant. At the close of the testimony in

the cause, which was tried before a jury, the defendant Charles E. Reed was eliminated by a written requested charge given by the court and the cause submitted to the jury under the wanton count as to the defendants Gordon Lockhart and Evelyn B. Sims. The jury returned a verdict in the amount of $3,000.00 in favor of the plaintiff and against the defendant Evelyn B. Sims only.

The defendant Evelyn B. Sims moved the court for a judgment non obstante veredicto. This motion was granted by the court and a judgment rendered in favor of all of the defendants. The motion for a judgment non obstante veredicto was based on the ground that the verdict against the defendant Sims alone would constitute a complete change of parties defendant. The plaintiff (appellant) duly and legally excepted to this ruling of the court and now assigns this ruling as error on this appeal.

■ I. At the outset we note that there is a controversy between the parties as to the sufficiency of the record now before this court. It is insisted that there has been inserted between pages 32 and 33 of the transcript of the record filed in this court two (2) sheets of paper which purport to be a transcript of a motion made by appellee Evelyn B. Sims for a judgment non obstante veredicto. A motion has been made in this court that the purported transcript of the motion for a judgment non obstante veredicto be stricken. It is pointed out that by virtue of the provisions of Section 827(1), Title 7, Code of 1940, the court reporter shall "transcribe the evidence, including objections, oral motions, rulings of the court, and the oral charge of the court * * *" and that the transcript of the record does not meet the requirements of this section in that the original transcript on file in this court between pages 32 and 33 is not indexed as a part of the transcript of the record and its correctness is not certified to by the clerk of the lower court as required, by Sections 767 and 768, Title 7, Code of Alabama of 1940, and by revised Supreme Court Rule 24.

We are unable, however, to agree with the foregoing proposition of the appellee. It appears to us from the record that the motion for a judgment non obstante veredicto which was made orally was transcribed by the court reporter and filed in this case. It was approved by the trial judge and bound in the transcript which was certified by the clerk.

■ II. This brings us to a consideration of the merits of the case. It is true that a case cannot begin against one or more defendants and end with a judgment solely against a new defendant brought in by amendment, unless he waives the change. Roth v. Scruggs, 214 Ala. 32, 106 So. 182; Rarden Mercantile Co. v. Whiteside, 145 Ala. 617, 39 So. 576; Alabama Power Co., et al. v. Watts, 218 Ala. 78, 117 So. 425. Section 239, Title 7, Code of 1940 does not change this rule and authorize an entire change of parties during the course of a suit. Roth v. Scruggs, supra; Van Landingham v. Alabama Great Southern R. Co., 243 Ala. 31, 8 So.2d 266.

In Roth v. Scruggs, supra, this court said, "When a new party defendant is introduced by amendment, and under the testimony no recovery can be had against the original defendants, or either of them, the new party is also entitled to the affirmative charge. Otherwise an entire change of parties is effected by the expedient of retaining the original parties until the cause is submitted to the jury." [214 Ala. 32, 106 So. 185]

■ While it is true that the defendant Charles Reed was eliminated from the case by the court on a written requested charge, the case went to the jury both as to Gordon Lockhart, an original defendant, and as to Evelyn Sims, who was brought in by amendment. We have no evidence before us as the appeal was taken solely on the record. Nor is the oral charge of the court in the record. We do not see how we can say from the record before us that the jury could not have found also against Gordon Lockhart. It results that there has been no entire change in the parties and the court

was in error in granting the motion for a judgment non obstante veredicto.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.