180 So.2d 538

### CITY OF TROY
v.
### James Max McLENDON.

4 Div. 156.

Supreme Court of Alabama.

Oct. 21, 1965.

Rehearing Denied Dec. 9, 1965.

Oliver Brantley, Troy, for appellant.

Jas. G. Clower, Troy, Truman Hobbs, Montgomery, for appellee.

GOODWYN, Justice.

This is a personal injury case. The defendant, City of Troy, brings this appeal from a judgment rendered on a jury verdict in favor of the plaintiff (*A*). The question presented is whether there was an entire change of parties defendant, thereby bringing about a discontinuance. The trial court held that there was not, and we agree.

Stated succinctly, the case is this:

*A*, an employee of the City, was injured when *B*'s automobile ran into a steel cable being placed by the City's employees across a street. This caused the cable to strike *A*, resulting in the injuries complained of. *A* brought suit against *B* for damages, charging *B* with negligence and wantonness. *A* also filed a claim with the City in accordance with Code 1940, Tit. 37, § 504.

Before trial, *A* amended his complaint by adding the City as a defendant and substituting new counts charging the defendants with negligence and wantonness. The jury returned a verdict in favor of *B* and against the City. There was judgment accordingly. The City moved for a new trial. The motion was granted on the ground there was an innocent substitution of a juror, that is, through an innocent mistake a person with the same name as one listed on the jury venire had been summoned and had served on the trial jury. *A* appealed from that judgment, which was affirmed. See: McLendon v. City of Troy, 273 Ala. 63, 134 So.2d 190, 89 A.L.R.2d 1238.

There was no new trial motion with respect to the verdict and judgment in favor of *B*.

*B* appeared specially and moved for dismissal of the cause as to her. The motion was granted.

After the affirmance here, *A* then amended his complaint by eliminating *B* as a defendant and by substituting new counts charging the City, the sole remaining defendant, with negligence.

The City filed a plea in abatement to the amended complaint, "that plaintiff commenced this action against Mrs. Carolyn T. Osteen [*B*], as sole defendant; City of Troy having been added as a defendant by subsequent amendment; and Plaintiff [*A*] has by amendment, this day filed, amended his complaint by eliminating or striking the original defendant and by eliminating the cause of action stated in the original complaint and stating an alleged cause of action against the City of Troy

only, to the working of an entire change of parties, an entire change of cause of action and a discontinuance of plaintiff's original cause of action." Plaintiff's demurrer to this plea was sustained. The City also attempted in other ways (by motions, demurrer to the complaint, and request for the affirmative charge) to raise the same point. In each instance, the ruling was against the City.

■ It has been held that when the plaintiff makes out a case sufficient to go to the jury against both an original defendant and the defendant brought in by amendment, a judgment rendered solely against the defendant brought in by amendment is valid as against the objection that the judgment worked an entire change of parties defendant. See: Osborn v. Reed, 275 Ala. 194, 196, 153 So.2d 629; Alabama Power Co. v. Key, 224 Ala. 286, 288, 140 So. 233; Richardson v. Hopkins, 218 Ala. 280, 281, 118 So. 465; Roth v. Scruggs, 214 Ala. 32, 35, 106 So. 182.

The City does not question, but seems to agree, that the original judgment against it was not subject to the objection of an entire change of parties defendant. Its contention is that the discontinuance occurred once this judgment was set aside and plaintiff (A) failed to have the judgment in favor of the original defendant (B) set aside. The argument is that since a new trial is conducted as though there had been no previous trial, the omission of B as a defendant pending the second trial is in no way different from the situation had she been dropped as a defendant pending the first trial, in which event there would certainly have been a discontinuance.

■ We do not think the entire change of parties rule should be extended so as to create a discontinuance under the circumstances of this case. Here, the judgment against the City was set aside and a new trial granted at the City's request on a ground wholly unrelated to any question of a discontinuance. In effect, the City itself has been a party to bringing about the claimed discontinuance. Our view is that, under the circumstances of this case, the City should not be heard to complain.

■ In view of the holding that a judgment rendered solely against a defendant brought in by amendment is valid so long as a case sufficient to take an original defendant to the jury is made out, we think it follows, as a reasonable and justifiable sequence, that once this requirement is met on the original trial, the new defendant should not be permitted, on a new trial granted at his request, to have the case against him abated or dismissed on the ground that there has been an entire change of parties defendant. As said in Ewart v. Cunningham, 219 Ala. 399, 401, 122 So. 359, viz.:

"If, pending the cause, and before final judgment, a complete change of parties defendant has come about by amendment, discontinuance, or abatement, the remaining defendant, not a party at the beginning of the suit, may claim a discontinuance, unless waived. Copeland v. Dixie Const. Co., 216 Ala. 257, 113 So. 82.

\*   \*   \*   \*   \*   \*

"On motion of defendant, Ewart, a discontinuance was granted as to the partnership. \* \* \*

\*   \*   \*   \*   \*   \*

"The discontinuance of the action as against the partnership was brought about not by law nor by the act of the opposing party, but upon motion of defendant, Ewart. He cannot claim a discontinuance for himself because of complete change of parties defendant at his own instance. He will be held to have waived such objection."

The judgment appealed from is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.