181 So.2d 98

**Ned McHENRY**

v.

**STATE of Alabama.**

**4 Div. 239.**

Supreme Court of Alabama.

Dec. 9, 1965.

Ben H. Lightfoot, Luverne, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Appellant, Ned McHenry, was indicted and tried for murder in the first degree. The jury found him guilty of murder in the second degree and fixed his punishment at imprisonment for a term of 25 years. Judgment in accordance with the verdict was rendered on January 26, 1965. Thereupon, the defendant "gave notice to the court of the taking of an appeal."

On February 5, 1965, the defendant filed a motion for a new trial. See: Code 1940, Tit. 15, § 368. The motion was heard on March 24, 1965, after being duly continued, and, on the same date, judgment was rendered overruling the motion.

On July 12, 1965, the defendant filed a notice of appeal from both of these judgments.

We have concluded that the motion for a new trial should have been granted.

The indictment was returned on February 16, 1953. Shortly thereafter, and before being tried, defendant was found to be insane and was committed to the State Mental Hospital in Tuscaloosa. Upon regaining his sanity in 1964, he was released from the hospital, returned to jail, rearraigned, and tried on January 25 and 26, 1965, under the original indictment.

The parties stipulated that the trial judge, in qualifying the jury veniremen before a jury was struck, placed the veniremen under oath and asked if any of them was a member of the grand jury which returned the indictment against the defendant in this case; and that each of them answered in the negative under oath. The evidence on the hearing of the motion for a new trial shows conclusively that one of the trial jurors (who served as foreman of the trial jury) had served on the grand jury which returned the indictment against the defendant. We do not understand there to be any question that neither the defendant nor his counsel knew of this before the jury was selected and sworn.

On this appeal, we are not concerned with the review of a ruling denying a defendant's challenge of a juror for cause, either before or after the juror has been selected and sworn as a member of the trial jury. There is no doubt that if the trial juror in this case, who was a member of the grand jury returning the indictment against defendant, had given an affirmative answer to the question put to him by the court he would have been subject to challenge for cause before the jury was selected and sworn. See: Harris v. State, 177 Ala. 17, 19–21, 59 So. 205; Williams v. State, 109 Ala. 64, 65, 66, 19 So. 530; Finch v. State, 81 Ala. 41, 49, 1 So. 565; Smith v. State, 55 Ala. 1, 6–7, 9, 10; Battle v. State, 54 Ala. 93, 94; Birdsong v. State, 47 Ala. 68, 75; Gann v. State, 22 Ala.App. 65, 112 So. 178; Cunningham v. State, 19 Ala.App. 171, 172, 95 So. 825; 31 Am.Jur., Jury, §

228, pp. 191–192; 50 C.J.S. Juries § 224, p. 966.

■ The question to be decided is whether defendant's motion for a new trial should have been granted because of such juror's disqualification, of which neither the defendant nor his attorney had knowledge until after the jury had been selected and sworn, and there being no lack of diligence on their part in discovering such disqualification. We hold that it should have been. See: Leach v. State, 245 Ala. 539, 540, 18 So.2d 289; Taylor v. State, 222 Ala. 140, 142, 131 So. 236; Daniels v. State, 88 Ala. 220, 221, 222, 7 So. 337; Henry v. State, 77 Ala. 75, 76–77; Battle v. State, 54 Ala. 93, 94; Beasley v. State, 39 Ala.App. 182, 189 (9), 96 So.2d 693; Wallis v. State, 38 Ala. App. 359, 361, 362, 84 So.2d 788, cert. den. 264 Ala. 700, 84 So.2d 792; Griffith v. State, 31 Ala.App. 432, 433, 18 So.2d 284. For similar holdings in civil cases, see: McLendon v. City of Troy, 273 Ala. 63, 66, 134 So. 2d 190, 89 A.L.R.2d 1238; Parkinson v. Hudson, 265 Ala. 4, 8, 88 So.2d 793; Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R.2d 907; Rosenbush Feed Co. v. Garrison, 251 Ala. 245, 248, 37 So.2d 106; Mills Lumber Co. v. Hull, 222 Ala. 229, 131 So. 902; City of Birmingham v. Lane, 210 Ala. 252, 97 So. 728; Sowell v. Bank of Brewton, 119 Ala. 92, 24 So. 585.

From Parkinson v. Hudson, supra, is the following:

"A party in either a civil or criminal case has the right to examine jurors as to bias which would affect the trial of the case. Title 30, § 52, Code of Alabama, 1940. Upon such examination the party is entitled to truthful answers from the jurors. Leach v. State, 31 Ala.App. 390, 18 So.2d 285. And when the disqualification of a juror is not known to the injured party, it is ground for a new trial. Birming-

ham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R.2d 907."

■ We are unwilling to hold that failure of the defendant or his counsel to examine the court records, which would have disclosed the trial juror's service on the grand jury, was such lack of diligence as to constitute a waiver by defendant of the juror's disqualification. See: Rosenbush Feed Co. v. Garrison, supra; Beasley v. State, supra; Leach v. State, supra; Griffith v. State, supra; United States v. Christensen, 7 Utah 26, 24 P. 618; 1 Hayne, New Trial and Appeal, Irregularity of Jury, § 45, pp. 143, 144, 145.

From Rosenbush Feed Co. v. Garrison, supra (251 Ala. at 248, 37 So.2d at 109), is the following apt statement:

"If Mills had served on the jury which tried the case, the trial court's action in refusing to grant a new trial to defendants would require a reversal, for we are in accord with the opinions of the Court of Appeals hereafter cited, which hold that a new trial must be granted where a prospective juror did not answer correctly the material questions propounded by the court in qualifying the jury and where such juror was accepted on the jury which tried the case. A new trial must be granted under such circumstances irrespective of whether the concealment was deliberate or unintentional. Leach v. State, 31 Ala.App. 390, 18 So.2d 285; Griffith v. State, 31 Ala.App. 432, 18 So.2d 284. * * *"

The following from United States v. Christensen, supra (24 P. at 620), gives further expression to our views, viz.:

" * * * [W]here the accused properly examines the jurors concerning their qualifications, and they do not answer truthfully, he is thereby not only deprived of his right of challenge

for cause, but may also be prevented from exercising his right of peremptory challenge. If, in such a case, a defendant, in trying to ascertain whether the jurors are competent or not, without negligence on his part, is denied a new trial, the greatest injustice might be done. In this case the names of the grand jurors did not appear on the indictment, the law only requiring that the name of the foreman should appear; and there was nothing to notify defendant that the juror had been on the grand jury that found the indictment, nor to put him on inquiry. It is true if he had searched the records of the court he would have ascertained that fact, and it would have been commendable prudence and diligence to have done so; but we do not think his failure to do so is such negligence as should deprive him of the right to be tried by an impartial jury, especially in view of the false answer given by the juror. The motion for a new trial was properly granted. In support of the views above expressed, see Com. v. Hussey, 13 Mass. 221; Dilworth v. Com. [12 Grat., Va., 689], 65 Amer. Dec. 264; Bennet v. State, 24 Wis. 57; Hayne, New Trials, § 45, and cases cited. See, also, section 64. Our attention has been called to a number of cases where, upon the same state of facts as are presented here, a different conclusion has been reached, but we think the weight of authority as well as of reason is in accordance with this opinion. * * *"

From what we have said, it follows that it was error to overrule the motion for a new trial. Accordingly, the judgment denying said motion is due to be reversed and the cause remanded to the circuit court for entering a judgment granting the motion; and it is so ordered.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.