(95 South. 825)

**CUNNINGHAM v. STATE. (7 Div. 831.)**

(Court of Appeals of Alabama. April 3, 1923.)

**1. Jury ⊙⇒127—Challenge to juror because he was a member of the grand jury after jury sworn held too late.**

A challenge to a juror on the ground that he was a member of the grand jury, returning the bill under which defendant is being prosecuted, must be made before the jury is sworn and before the commencement of the trial, and it comes too late if made thereafter, notwithstanding the disqualification was not known to defendant at the time the jury was selected.

**2. Appeal and error ⊙⇒207—Objection to argument first made on appeal not reviewable.**

For a remark of the solicitor made during oral argument to constitute reversible error, it must have been objected to at the time, the objection overruled, and an exception reserved, and the objection comes too late to warrant review if made for the first time on appeal.

Appeal from Circuit Court, Shelby County; W. L. Longshore, Judge.

O. C. Cunningham was convicted of assault and battery, and he appeals. Affirmed.

L. H. Ellis, of Columbiana, for appellant.

Counsel argues for error on the points treated in the opinion, but without citing authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A challenge of a juror because he served on the grand jury finding the .indictment can only be made before the jury is sworn. 177 Ala. 17, 59 South. 205. There must be an objection to argument and request for instructions to the jury to disregard it, in order to furnish a basis .for an exception. 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543. Motion for new trial is not the proper method to review rulings of the trial court, where no objections were made. 1 Ala. App. 272, 55 South. 455.

SAMFORD, J. The defendant was indicted and tried on an indictment charging assault to murder and was convicted on the lesser charge of assault and battery and fined $500.

There were no exceptions reserved to the rulings of the court during the progress of the trial; but after conviction defendant made a motion to have the verdict of the jury set aside and for a new trial on two grounds, viz.: (1) Because one of the petit jury trying the defendant had been a member of the grand jury returning the indictment and had been allowed to serve as a petit juror because defendant did not know of his disqualification at the time the jury was selected. (2) Because, during the oral argument of the solicitor, he used this expression:

"Gentlemen of the jury, down there at Montevallo where this thing occurred is located the state school for girls. Do you want to turn this defendant loose to go back down there?"

The court overruled defendant's motion, and this action of the court is urged as revisable error.

[1] If the juror had been challenged for cause at the time of the selection of the jury, the court would have set him aside. Birdsong v. State, 47 Ala. 68; Finch v. State, 81 Ala. 41, 1 South. 565. Such challenge must be before the jury is sworn and before the commencement of the trial. After the jury is impaneled and sworn, a challenge because a juror was a member of the grand jury returning the bill comes too late. Harris v. State, 177 Ala. 17, 59 South. 205.

[2] There was no objection to the remark of the solicitor at the time it was made nor at any time during the trial. To be available as reversible error the remark of the solicitor must be objected to in the court below, the objection overruled, and exception reserved. Bean v. State, 18 Ala. App. 281, 91 South. 499; Cross v. State, 68 Ala. 476; Birmingham Ry. L. & P. Co. v. Drennen, 175 Ala. 338-350, 57 South. 876, Ann. Cas. 1914C, 1037.

We find no error in the record, and the judgment is affirmed.

Affirmed.