29 So.2d 436

## SMITH v. STATE.
### 8 Div. 568.

Court of Appeals of Alabama.
March 11, 1947.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for appellee.

BRICKEN, Presiding Judge.

The following statement in brief of the Attorney General is sustained by the record:

"This is an appeal from an order rendered upon January 24, 1947, by the Honorable J. H. Crow, Jr., one of the Judges of 8th Judicial Circuit of the State of Alabama, in a habeas corpus proceeding, decreeing the petitioner appellant, Thomas A. Smith, not entitled to bail, and further ordering, adjudging and decreeing that the said Thomas A. Smith be committed to the custody of the sheriff of Limestone County, Alabama, to await action of the Grand Jury. From such order appellant appeals to this court under the provisions of Title 15, Section 369, Code of Alabama 1940.

"The facts, as disclosed by the record, tend to show that the appellant, Thomas A. Smith, was arrested under a warrant sworn out in the Limestone County Court charging said appellant with murder in the first degree. A preliminary hearing was

Thos. S. Woodroof, of Athens, for appellant.

had in the County Court and the appellant was bound over to await the action of the Grand Jury, with no bail allowed. The appellant thereupon filed habeas corpus petition with Honorable J. H. Crow, Jr., one of the Judges of the 8th Judicial Circuit, and a hearing on said petition was had before said Judge on January 24, 1947.

"Upon said hearing before Judge Crow, the Solicitor representing the State introduced in evidence: (1) the complaint sworn to by H. G. Garrett before D. L. Rosenau, Jr., Judge of the Limestone County Court, charging the defendant with murder in the first degree, together with the endorsements on said complaint; (2) warrant issued out of said Limestone County for the arrest of said defendant, together with the return endorsed on said warrant; (3) mittimus issued out of said Limestone County Court to the sheriff of Limestone County, commanding the sheriff to receive said defendant and hold him in custody without bail; and (4) order made by D. L. Rosenau, Jr., Judge of the Limestone County Court, finding that there was probable cause for believing the defendant guilty of murder in the first degree and committing him to a jail without bond. Thereupon the state rested and the appellant, without introducing any testimony, also rested."

In addition to the foregoing, the solicitor introduced one D. C. Clemons, an eyewitness to the killing, and his testimony tended to show that he was present at the time Willie B. Bailey, the deceased, was slain; that he saw the appellant, Thomas A. Smith, fire the shot which killed the deceased, the witnesses' version of the shooting being that this appellant, without provocation, pulled his gun from his coat and pointing said gun at deceased, fired the fatal shot which struck the deceased in the forehead, killing him.

As stated no evidence was introduced by petitioner, and the judge entered the following order;

"The Court is of the opinion after having heard the evidence in said case that the Defendant is not entitled to bail.

"Therefore, ordered, adjudged and decreed that the Defendant be committed to the custody of the Sheriff of Limestone County, Alabama awaiting action of the Grand Jury.

"This Jan. 24, 1947.

"J. H. Crow, Jr.
"Circuit Judge."

From the adverse judgment made and entered this appeal was taken.

It is here insisted that the two exceptions reserved by the petitioner to the court's rulings on the pleading were well taken and should result here in an order reversing the lower court. There is no semblance of merit in this insistence. The rulings complained of related, as stated, to technical matters regarding the pleadings, and the settled rule is, strict rules of pleading are not applied or required in habeas corpus porceedings and a substantial compliance with the statute is sufficient. Further we discover no prejudicial error in the two rulings complained of. The proceedings appear regular, and on this appeal nothing appears that could justify and sustain this court in ordering a reversal.

No error appearing the order and judgment appealed from is in all respects affirmed.

Affirmed.