**Sidney C. SMITH, Petitioner,**

v.

**S. W. HIXON, Warden, Atmore State Prison, Atmore, Alabama, Respondent.**

**Civ. A. No. 1619.**

United States District Court
S. D. Alabama, S. D.
June 21, 1956.

Sidney C. Smith, pro se.

THOMAS, District Judge.

Petitioner, for a second time, is seeking to invoke the jurisdiction of this court in a habeas corpus proceeding attacking the validity of a judgment of the circuit court of Houston County, Alabama. It is the contention of petitioner that he is illegally confined in violation of his rights under the Constitution of the United States in that, at the trial resulting in his conviction and sentence, he was denied counsel and the right to witnesses for the defense.

"Before a federal court may exercise the delicate jurisdiction of interfering with state criminal processes, the burden is on the petitioner, under 28 U.S. C.A. § 2254, to show that he has exhausted the remedies available in the courts of the state, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." [1] Petitioner's failure to meet that burden was the ground for the dismissal of his first petition in this court, inasmuch as after his application for re-hearing had been dismissed by the Court of Appeals of Alabama,[2] petitioner had failed to apply for writ of certiorari to the Supreme Court of the State of Alabama. The dismissal of petitioner's first petition in this court was on the authority of Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.[3]

1. Buchanan v. O'Brien, 1 Cir., 1950, 181 F.2d 601, 605.

2. Smith v. State, 34 Ala.App. 194, 38 So.2d 287.

3. Although it is true that under the Code of Alabama of 1940, Title 13, § 86, the Alabama Court of Appeals has final appellate jurisdiction of all felonies where the punishment has been fixed at twenty years or under, nevertheless, on certiorari, all errors of law apparent in judgments and opinions of the Court of Appeals are subject to review by the Alabama Supreme Court. Blackwood v. Maryland Casualty Co., 227 Ala. 343, 150

Petitioner did not attempt to amend his first petition filed in this court to try to bring himself within the second exception provided under 28 U.S.C.A. § 2254. Instead, he attempted to avail himself of the writ of habeas corpus under the constitution and laws of the State of Alabama.[4] He addressed his petition for the writ to the circuit judge of Escambia County, the county in which he is confined. The warden, through the circuit solicitor, filed demurrers to the petition, which demurrers the judge sustained. The circuit judge forwarded a copy of the demurrers and a copy of the decree sustaining the demurrers to petitioner, and advised petitioner by forwarding letter of his right to appeal.

Petitioner then attempted to take an appeal to the Alabama Court of Appeals. There the appeal was dismissed on the ground that a final judgment was necessary to give jurisdiction on appeal.[5] Petitioner next applied to the Alabama Supreme Court for writ of certiorari to the Alabama Court of Appeals, and the petition for certiorari was dismissed for failure of the petition to conform to the requirements of Supreme Court Rule 32 (old Rule 36), Code 1940, Tit. 7 Appendix, in that the petition was not on transcript paper. This dismissal was in line with state procedural practice.[6] Petitioner now alleges, in his second petition to this court, that his abortive efforts to obtain a final decision from the Alabama Supreme Court on the merits of his contentions constitute an exhaustion of state court remedies.

Had he petitioned for certiorari to the Alabama Supreme Court (and, if necessary, to the Supreme Court of the United States) on his original appeal from the judgment of conviction, he would not now (as a prerequisite to seeking relief in a United States district court) be required to pursue in the state courts a collateral remedy based on the same evidence and issues he raised on his first appeal. Brown v. Allen, supra. However, petitioner failed to avail himself of his state remedy to obtain a ruling from the Alabama Supreme Court on the constitutional questions decided against him by the Alabama Court of Appeals in 1947–1949.[7] He did not allege any circumstances in his first petition to this court which would show the absence of available state corrective process or the existence of conditions rendering such process ineffective to protect his rights. He has neglected to pursue in the manner required by the State his appeal from the ruling of the state circuit judge on the warden's demurrers to his habeas corpus petition; and he has not met the burden which is upon him to show, in his petition to this court, that he has, on his current collateral attack in the state courts, exhausted his state court remedies, or that conditions exist which would preclude his doing so, or which make such remedies ineffective for him. The cases are clear that it is necessary to comply with state procedural requirements (or to make some showing that the petitioner cannot comply) before a state prisoner can be deemed to have exhausted his state remedies for purposes of relief by habeas corpus in federal courts.[8] To hold otherwise would defeat the purpose of the statute limiting the jurisdiction of federal courts in habeas corpus cases involving state prisoners.

Though federal and state court decisions are in accord that strict rules of

So. 180. See also State v. Parrish, 242 Ala. 7, 5 So.2d 828, holding that the Court of Appeals does not have authority to finally determine questions of a constitutional nature.

4. Code of Alabama 1940, Title 15, §§ 1–43, and § 369, as amended.

5. Citing State ex rel. Wright v. Kemp, 205 Ala. 201, 87 So. 836; Wise v. Spears,

200 Ala. 695, 76 So. 869; "and other cases too numerous to mention."

6. Latham v. State, 262 Ala. 108, 77 So.2d 502, and prior decisions.

7. Smith v. State, 34 Ala.App. 194, 34 So. 2d 287.

8. Woollomes v. Heinze, 9 Cir., 1952, 198 F.2d 577, citing Buchanan v. O'Brien, supra, 181 F.2d 601.

pleading are not applied or required in habeas corpus proceedings,[9] all courts have an inherent right to exact substantial compliance with procedural statutes and rules established for the orderly dispatch of business. Without attempting to construe the Alabama procedural statutes, rules, and decisions—which would here be beyond the province of this court —an examination of pertinent ones inclines to the view that plaintiff has not reached a dead end in the state courts, either by way of habeas corpus or by writ of error *coram nobis*.[10] It is true that one of the grounds for demurrer to the petition for habeas corpus in the state circuit court is the allegation that a valid judgment is not subject to collateral attack by way of habeas corpus; and ordinarily a writ of habeas corpus cannot be made a substitute for an appeal.[11] But this court cannot assume that the Supreme Court of the State of Alabama, in the exercise of its supervisory powers, would hold that it was without authority to review the validity of a judgment attacked by habeas corpus on constitutional grounds;[12] nor can this court assume that, if petitioner has mistaken his remedy, his petition for habeas corpus would not be treated by the appellate courts of the state as one for the writ of error *coram nobis* or *coram vobis*, as was done in Redus v. Williams, 244 Ala. 459, 13 So.2d 561, certiorari denied, 320 U.S. 775, 64 S.Ct. 85, 88 L.Ed. 464.

The procedural tangle in which petitioner finds himself does not conclusively establish his lack of a method of redress in the state courts. Under § 747 of Title 7, Code of Alabama 1940, when an appeal is dismissed, it goes back to the court from which the case was originally removed, and other proceedings may be had thereon as if no appeal had been prosecuted. The dismissal in the State Court of Appeals appears to have been based on petitioner's failure to avail himself of the right to ask for a nonsuit,[13] in order to obtain an appealable judgment. (On the necessity for this procedure, this court does not pass.) As to the dismissal in the Alabama Supreme Court, whether or not petitioner could or can, under the circumstances, comply with that court's rule requiring his petition for certiorari be made on a certain type of paper ("so that the same may be in suitable form for binding") does not appear from any allegations in his petition to this court.

In any event, before this court has the authority to consider the constitutional questions which petitioner has sought to raise here, the burden is on him to obtain a ruling (or a refusal to rule) on these questions from the highest state court; or to establish on the face of his sworn petition to this court that there are insurmountable legal barriers or material circumstances which make it impossible for him to obtain such a ruling.[14] Therefore his petition must again be dismissed without prejudice to his right to pursue any further available remedies in the courts of the state; and, of course without prejudice to his right at a later date to re-file an amended petition clearly showing that he has exhausted his state remedy, or that there is an absence of available state corrective process, or circumstances exist rendering such process ineffective to protect his rights.

Petition dismissed without prejudice.

9. Loper v. Ellis, 5 Cir. 1955, 224 F.2d 901, citing Baker v. Ellis, 5 Cir., 194 F.2d 865, 866; Smith v. State, 32 Ala. App. 650, 29 So.2d 436; Kilgore v. State, 261 Ala. 465, 75 So.2d 126.

10. Caldwell v. State, 36 Ala.App. 612, 63 So.2d 384; Griffin v. State, 258 Ala. 557, 63 So.2d 682.

11. Ex parte Bizzell, 112 Ala. 210, 21 So. 371; Redus v. Williams, 244 Ala. 459, 13 So.2d 561; Griffin v. State, 258 Ala. 557, 63 So.2d 682.

12. Porch v. Cagle, 5 Cir., 1952, 199 F.2d 865, citing Johnson v. Wilson, 5 Cir., 1942, 131 F.2d 1.

13. Code of Alabama 1940, Title 7 § 819. See also Title 15, § 369, amended June 21, 1955, and § 371 and note thereunder.

14. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.