Sidney C. SMITH, Petitioner,

v.

S. W. HIXON, Warden, Atmore State Prison, Atmore, Alabama, Respondent.

Civ. A. No. 1619.

United States District Court
S. D. Alabama, S. D.

Feb. 25, 1957.

Sidney C. Smith, pro se.

John Patterson, Atty. Gen., of Alabama, Bernard F. Sykes, Asst. Atty. Gen., of Alabama, Winston Huddleston, Supernumerary Sol. of Alabama, Wetumpka, for respondent.

THOMAS, District Judge.

This is petitioner's fourth attempt to obtain a hearing in the United States District Court for the Southern District of Alabama under 28 U.S.C.A. § 2254.[1] The cause is presently before the court on motion of respondent S. W. Hixon, Warden, and the State of Alabama to dismiss the current petition as amended for failure of petitioner to exhaust his state court remedies. The motion to dismiss was filed in response to the court's order to show cause why the writ should not be issued.

■ An examination of the authorities persuades me that, under the doctrine of Brown v. Allen,[2] petitioner's failure to exhaust his state court remedy by not prosecuting his original appeal on the constitutional questions to the Supreme Court of the State of Alabama and thence to the Supreme Court of the United States, has automatically cut off his right to petition on the same grounds for habeas corpus in a United States District Court, unless he can show that he was prevented from prosecuting his appeal by circumstances beyond his control; or there exists a collateral state court remedy to raise the same evidence and issues (which remedy he has pursued to the highest court of the state and to the Supreme Court of the United States —provided the final decision of the State Supreme Court reached the merits of the constitutional issues); or some extraordinary condition exists.

■ It will be helpful to dispose first of an issue not raised on petitioner's abortive appeal from the judgment of conviction, but recently raised in his habeas corpus petition to the State Supreme Court, and which he seeks to raise here by amendment to his current petition. I refer to petitioner's allegation that he was unlawfully taken from Alabama to Florida and back into Alabama for trial in violation of the due process clause of the Fourteenth Amendment and the Federal Kidnapping Act,. 18 U.S.C.A. §§ 1201, 1202. In the light of Frisbie v. Collins,[3] this contention can avail petitioner nothing wherever it is raised to attack the judgment of conviction.

1. The history of petitioner's first two attempts is set forth in opinion dismissing without prejudice petition for writ of habeas corpus. Reported in 142 F.Supp. 302.

2. 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

3. 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.

There remain petitioner's original contentions as to violation of the due process clause of the Fourteenth Amendment: lack of representation by counsel, and failure of the state to procure witnesses requested by the defendant and needed for his defense.

█ The first contention (lack of representation by counsel) was fully considered by the Court of Appeals of Alabama in Smith v. State,[4] December 14, 1947. The second contention (absence of witnesses) was touched upon briefly in the same opinion. Application for rehearing was dismissed January 4, 1949. The Attorney General of the State of Alabama has filed, as an exhibit to his brief in the instant case, a certificate of the Clerk of the Court of Appeals to the effect that the application for rehearing was dismissed because the petitioner was at that time a fugitive. It does not appear that the petitioner attempted to appeal the decision of the Alabama Court of Appeals to the Supreme Court of the State of Alabama (much less to the Supreme Court of the United States). He began serving his sentence on April 12, 1954, after being returned to Alabama from Nevada on a fugitive writ.[5] There is nothing else in the record to indicate why petitioner failed to prosecute his appeal.

█ In Brown v. Allen,[6] 344 U.S. at pages 485–486, 73 S.Ct. at pages 421–422, the Supreme Court, speaking through Mr. Justice Reed[7] said:

"The writ of habeas corpus in federal courts is not authorized for state prisoners at the discretion of the federal court. It is only authorized when a state prisoner is in custody in violation of the Constitution of the United States. 28 U.S. C. § 2241, 28 U.S.C.A. § 2241. That fact is not to be tested by the use of habeas corpus in lieu of an appeal. To allow habeas corpus in such circumstances would subvert the entire system of state criminal justice and destroy state energy in the detection and punishment of crime.

"Of course, federal habeas corpus is allowed where time has expired without appeal when the prisoner is detained without opportunity to appeal because of lack of counsel, incapacity, or some interference by officials. Also, this court will review state habeas corpus proceedings even though no appeal was taken, if the state treated habeas corpus as permissible. Federal habeas corpus is available following our refusal to review such state habeas corpus proceedings. Failure to appeal is much like a failure to raise a known and existing question of unconstitutional proceeding or action prior to conviction or commitment. Such failure, of course, bars subsequent objection to conviction on those grounds."

It is clear, therefore, that the petition in this court must again be dismissed on the authority of Brown v. Allen, unless it appears that the State affords petitioner some collateral remedy. Petitioner has sought in the state courts both the writ of habeas corpus and the writ of error coram nobis.

Following the dismissal of his first petition in this court (for failure to appeal through the State courts), petitioner sought a writ of habeas corpus from the Circuit Court of Escambia County, Alabama. (The issue raised was violation of constitutional rights through denial of counsel and witnesses, the same points raised on his abortive appeal.) The history of his first petition for the writ of habeas corpus in the state court is recorded in Smith v. State,[8] Court of Appeals, Nov. 22, 1955; Supreme Court of Alabama, April 12, 1956.

---

4. 34 Ala.App. 194, 38 So.2d 287.

5. Answer of respondent to petitioner's first petition for writ of habeas corpus, Civil Action 1425, Southern Dist. of Alabama.

6. 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

7. See also dissenting opinion of Mr. Justice Reed in Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647, and opinion of the court by Mr. Justice Reed in Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

8. 264 Ala. 264, 86 So.2d 841, 842.

Petitioner failed to secure a ruling on the merits because of his failure to comply with state court procedural requirements. He then, for the second time, petitioned this court, alleging his efforts to secure a ruling constituted exhaustion of state remedies. His second petition to this court was dismissed without prejudice to a further pursuit of state court remedies according to state procedural requirements.[9]

Petitioner then filed in the Alabama Supreme Court a petition for leave to file a petition for writ of error coram nobis in the Circuit Court of Houston County, Alabama. The coram nobis petition was dismissed by the Alabama Supreme Court on September 13, 1956.[10] After his petition for the writ of coram nobis was dismissed, petitioner filed in the Supreme Court of Alabama, on September 29, 1956, a petition for writ of habeas corpus, which was denied, without opinion, on October 2, 1956. Petitioner then filed the instant amended petition in this court, asserting the denial of the writ of habeas corpus by the Alabama Supreme Court as proof that he had complied with the requirement of 28 U.S.C.A. § 2254, in exhausting his state court remedies. This court then issued its show-cause order to the Warden and the Attorney General.

In support of the motion to dismiss the instant petition, the Attorney General suggests that petitioner still has a state court remedy by way of coram nobis through an application to the Alabama Court of Appeals, the court which did review the judgment of conviction, and that petitioner should be required to exhaust that remedy.[11]

Since petitioner is required to exhaust only one state court remedy,[12] we will consider first petitioner's contention that the denial by the Alabama Supreme Court, on October 2, 1955, of his petition for the writ of habeas corpus constitutes each exhaustion. If the State treated habeas corpus as a remedy allowed by state law under the circumstances alleged, and if the denial of the writ by the State Supreme Court reached the merits of the constitutional question petitioner seeks to have determined, then petitioner would be required to carry his appeal from the State Supreme Court to the Supreme Court of the United States,[13] before renewing his petition for the writ of habeas corpus in a United States District Court. However, it is my considered opinion that the denial of the writ by the State Supreme Court was based on state law, and that under state law habeas corpus is not available to petitioner as a collateral remedy here, because under the facts alleged, his only state remedy was by way of appeal.

The general rule in Alabama,[14] as in the federal courts,[15] is that habeas corpus may not be substituted for appeal. It is also the established rule in Alabama that habeas corpus will not lie to discharge one convicted by a court of competent jurisdiction unless the judgment be invalid for an excess of jurisdiction on the face of the proceedings.[16] Since it appears the denial of the writ of

9. Smith v. Hixon, D.C., 142 F.Supp. 302.

10. Ex parte Smith, 89 So.2d 694. The court stated: "The Attorney General has made a motion to dismiss the application here made on the ground, among other grounds, that the petition fails to aver that the judgment of the Circuit Court of Houston County was reviewed on appeal to the Supreme Court of Alabama. The motion of the Attorney General to dismiss the petition is well taken and is, therefore, due to be granted." Citing Ex parte Williams, 255 Ala. 648, 53 So.2d 334, 335.

11. See footnote 10.

12. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

13. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

14. Ex Parte Bizzell, 112 Ala. 210, 21 So. 371; Redus v. Williams, 244 Ala. 459, 13 So.2d 561; Griffin v. State, 258 Ala. 557, 63 So.2d 682.

15. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982.

16. Reynolds v. McFadyen, 259 Ala. 235, 238, 66 So.2d 89, and cited cases.

habeas corpus by the Alabama Supreme Court was based on state law, and did not reach the constitutional issues, no useful purpose would be served by suggesting that petitioner apply for certiorari to the Supreme Court of the United States to review the judgment denying the writ, even if the time for appeal had not elapsed. Moreover, since the remedy of habeas corpus appears to be one not allowed to petitioner by state law, under the alleged facts, his attempt to avail himself of it as a collateral remedy cannot cure his unexcused neglect to exercise his right of appeal in the first instance from the judgment of conviction.[17]

This brings us to consideration of whether petitioner has another state court remedy to raise the same issues by way of applying to the Alabama Court of Appeals for permission to apply to the trial court of Houston County for the writ of error coram nobis. Procedurally speaking, it is undoubtedly true that petitioner's application for the writ should have been addressed to the Alabama Court of Appeals, instead of to the Alabama Supreme Court, since the latter court did not review the judgment of conviction. However, here again, I am of the opinion that in practice the remedy is not available to petitioner under the circumstances alleged.

In Johnson v. Williams,[18] the Supreme Court of Alabama, in an opinion written by Chief Justice Gardner, carefully distinguished between the functions of habeas corpus and the common-law writ of error coram nobis, in attacking a judgment of conviction, and noted the limitations of the two writs. And in Smith v. State,[19] the Alabama Supreme Court said: "The office of the writ of error coram nobis is to bring to the attention of the court for correction an error of fact, one not appearing on the face of the record, unknown to the court or the party affected, and which, if known in season, would have prevented the rendition of the judgment challenged." The writ is in effect a motion for a new trial on the ground of newly discovered evidence.

In the light of these decisions, I fail to see how petitioner could comply with the rule of procedure adopted in Johnson v. Williams, supra [244 Ala. 391, 13 So.2d 686], and allege facts which would "afford at least 'prima facie just ground for an application to the lower court for a writ of error coram nobis.'" The absence of counsel and the circumstances surrounding that absence were known to the defendant and to the trial judge; and the absence of defendant's witnesses was known to defendant and to the trial judge.[20] Petitioner has

17. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

18. 244 Ala. 391, 13 So.2d 683.

19. 245 Ala. 161, 16 So.2d 315, 316.

20. The following excerpts from the report of the trial are taken from the brief of the State's Attorney General filed in support of the motion to dismiss the instant petition:

"The jury was duly qualified, selected, and sworn.

"The Court: Gentlemen, the case you have been impaneled to try is a felony case. It will be necessary for you to stay together, in a body, until we get through with the trial of the case. Mr. Smith, have you any witnesses?

"Defendant: I have some subpoenaed, Your Honor. I don't know whether they are here or not.

"The Court: We had better see about them. Are you in a position to go to trial without them?

"Defendant: Yes, sir, without them."

And on page 45 of the record:

"The Defendant: Your Honor, if the defendant has been deprived of his right granted in the Constitution to obtain witnesses or evidence or counsel, I think it would be proper to show that, wouldn't it?

"The Court: Not at this time. No one could deprive you of your right to employ counsel or subpoena witnesses. If you had made it known to the Court I would have directed it. Yes, I sustain the objection."

alleged nothing material which he himself did not know at the time of trial or of which the trial judge was unaware. It appears, therefore, that he has no remedy in the state court by way of the writ of error coram nobis, in so far as he seeks to raise the constitutional issue of deprivation of the right to counsel and witnesses. Using the writ to establish an alibi is another matter,[21] and one with which the United States District Court could have no concern.

In summary, under the set of facts alleged, petitioner's only remedy under state law was by way of appeal from the judgment of conviction. He failed to exhaust that remedy in not pursuing it to the Supreme Court of the State of Alabama and thence to the Supreme Court of the United States. Petitioner has no collateral remedy under state law to raise the same issues by writ of habeas corpus or coram nobis, in order to pursue his appeal by those channels to the Supreme Court of the United States. This court—a United States District Court—cannot under the holding in Brown v. Allen [22] entertain his petition for the writ of habeas corpus unless he can show that he was prevented from completing his original appeal by circumstances beyond his control, or some extraordinary condition exists.

Petitioner will be given thirty days within which to amend his petition to show facts, if any there be, which would excuse his failure to pursue his appellate remedy from the judgment of conviction. If he cannot do this, the petition for habeas corpus will be dismissed on the merits, and, on notice of appeal and timely application therefor, certificate of probable cause will be issued.

21. Petitioner claims he has witnesses who will testify he was in Atmore, Escambia County, at the time the State alleged he committed the offense in Houston County.

22. 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.