**Sidney C. SMITH**

v.

**S. W. HIXON, Warden, Atmore State Prison, Atmore, Alabama.**

**No. 16649.**

United States Court of Appeals Fifth Circuit.

Nov. 6, 1957.

Sidney C. Smith, in pro. per., Edward E. Cobbs, Rufus M. King, Montgomery, Ala., for appellant.

John M. Patterson, Atty. Gen., George Young, Asst. Atty. Gen., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment sustaining a motion to dismiss a petition for habeas corpus. The facts are fully set forth in two able opinions of the district court, the first dismissing an earlier petition without prejudice, 142 F.Supp. 302, and the second giving the petitioner thirty days

"within which to amend his petition to show facts, if any there be, which would excuse his failure to pursue his appellate remedy from the judgment of conviction." Smith v. Hixon, 149 F.Supp. 283, 289.

Pursuant to such permission, the petitioner amended by adding the following among other allegations:

"That at the time of the trial of the petitioner in the Circuit Court of Houston County, Alabama, and during the period of his appeal was being taken to the Court of Appeals of the State of Alabama, he was incarcerated in the County jail of Houston County at Dothan, Alabama.

"That your petitioner prepared and filed the appeal and then employed John C. Walters, Esq., an attorney at law of Troy, Alabama; that your petitioner believes that the said cause was argued orally by the said John C. Walters before the Court of Appeals, and the judgment of the lower court was affirmed.

"That after the said John C. Walters has been employed and the opinion around the jail was that the case would be reversed it was made most convenient for your petitioner to leave the jail at Dothan, Alabama, by the officials of the jail; that a member of the Sheriff's force told petitioner that he should leave that he would not be sought; that more than three months later, when petitioner was informed additional funds would be needed in event the case was affirmed, petitioner left the jail, which leaving was not report for twenty-four hours; that he forwith started in to contacting relatives who were interest in him to a view to obtaining the necessary funds with which to further the appeal if such was necessary."

The district court then entered a judgment dismissing the petition,[1] from which judgment the present appeal is prosecuted.

After careful consideration we find ourselves in agreement with the district court. For the matters of which the appellant complains, his remedy by appeal from the judgment of conviction and from the denial of his motion for new trial was adequate. There was no valid excuse for his failure to prosecute such appeal on application for rehearing, and, if unsuccessful, by petition for certiorari to the Supreme Court of Alabama, and further, if still unsuccessful, by petition for certiorari to the Supreme Court of the United States. Assuming the truth of the charges, fantastic as they may seem, that the officials invited and aided appellant to escape and become a fugitive from justice, such highly reprehensible conduct would in nowise excuse the appellant's conduct. If such charges be true, appellant is bound to have known that the officers were stepping beyond the scope of their duties and that under the law he had no right to escape.

The state having thus provided appellant with at least one effective remedy, it cannot be said that he was remediless in the state courts so as to authorize him to resort to habeas corpus in a federal court.[2]

The judgment dismissing the petition is therefore

Affirmed.

---

1. "Petitioner having filed, on the 21st day of March 1957, an amendment to his petition as amended, in which amendment of March 21, 1957, he attempts to excuse his failure to carry his appeal from the judgment of conviction to the Supreme Court of the State of Alabama, and

"It appearing from said petition that petitioner himself abandoned his state court remedy when he became an escapee and fugitive while the case was on appeal to the Alabama Court of Appeals from the judgment of conviction, it is

"Ordered, adjudged and decreed that the petition herein, as again amended, be and it hereby is dismissed on the merits."

2. See Moore v. Dempsey, 261 U.S. 86, 90, 91, 43 S.Ct. 265, 67 L.Ed. 543; Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 88 L.Ed. 572; House v. Mayo, 324 U.S. 42, 46 et seq., 65 S.Ct. 517, 89 L.Ed. 739; Hawk v. Olson, 326 U.S. 271, 276, 66 S.Ct. 116, 90 L.Ed. 61; Sunal v. Large, 332 U.S. 174, 177, 178, 67 S.Ct. 1588, 91 L.Ed. 1982; Jennings v. State of Illinois, 342 U.S. 104, 110, 72 S.Ct. 123, 96 L.Ed. 119; Brown v. Allen, 344 U.S. 443, 485, 486, 73 S.Ct. 397, 97 L.Ed. 469.